[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13832
Non-Argument Calendar
_____

D.C. Docket No. 1:05-cr-20916-UU-7

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDRE HAYNES,
a.k.a. Dre-Bo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 3, 2013)

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Andre Haynes appeals the district court's denial of his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the Sentencing Guidelines.  Upon review of the entire record and after consideration of the parties' appellate briefs, we affirm.

I.

In August 2006, Haynes pleaded guilty to conspiracy to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  Because of his criminal history, Haynes was sentenced as a career offender.  As a career offender, coupled with his acceptance of responsibility, Haynes faced a guideline range of 262 to 327 months.  Haynes was sentenced to 202 months' imprisonment—a 60-month downward variance.

In 2008, Haynes moved for a sentence reduction under § 3582(c)(2) and based his motion on Amendment 706.  The district court denied his motion, stating that Haynes was ineligible for § 3582(c)(2) relief because he was sentenced as a career offender, and the changes to U.S.S.G. § 2D1.1 had no bearing on his total offense level.

Haynes renewed his motion for a sentence reduction on November 23, 2011. This time around, Haynes relied on Amendment 750 of the Sentencing Guidelines. In this motion, Haynes argued that intervening case law concerning the career-offender provisions now permitted retroactive application of the amended

2

guidelines to his sentence.  Specifically, Haynes argued that his sentence was "based on" a guideline range that was lowered by the Sentencing Commission, and that he should not have been considered a career offender.

The district court denied Haynes's renewed motion.  While it agreed that Haynes was sentenced "based on" the crack guidelines and that his offense level was impacted by Amendment 750, it still denied the motion because Haynes's sentence was the result of a variance, not a departure.  Consequently, the court remained bound by the career-offender guideline range.

On appeal, Haynes contends that the district court erred by denying his renewed § 3582(c)(2) motion.  He argues that although he was designated a career offender by the district court at sentencing, his sentence was, at least in part, "based on" the crack guidelines, as the court deviated downward from the career-offender guideline range by 60 months.  Haynes claims that *United States v. Moore*, 541 F.3d 1323 (11th Cir. 2008), recognized an exception for career-offender defendants who received downward adjustments from the career-offender guideline range at sentencing.

## II.

We review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines.  *Id.* at 1326.  "[W]e may affirm for any reason supported by the record, even if not relied upon by the district

3

court."  *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008) (per curiam) (internal quotation marks omitted).

Once pronounced, the district court's authority to modify a sentence of imprisonment is narrowly limited by statute.  *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010).  Nevertheless, a district court may modify a defendant's term of imprisonment where the defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  When evaluating whether a defendant is eligible for a reduced sentence, a district court should determine what new sentence, if any, applies, "by substituting the amended guideline range for the originally applied guideline range, and then using that new base level to determine what ultimate sentence it would have imposed."  *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000).  Then, the district court determines whether, in its discretion, it will "impose the newly calculated sentence under the amended guidelines or retain the original sentence."  *Id.* at 781.

Sentence reductions under § 3582(c)(2) are not full resentencings, and the district court cannot make new findings during the proceedings.  *See Phillips*, 597 F.3d at 1198 (requiring the district court in § 3582(c)(2) proceedings to hold constant all other findings made at the original sentencing).  In § 3582(c)(2) proceedings, a district court must leave "*all* original sentencing determinations . . .

4

unchanged with the sole exception of the guideline range that has been amended since the original sentencing." *Bravo*, 203 F.3d at 780 (emphasis in original).

In his renewed § 3582(c)(2) motion, Haynes argues that his sentence should be reduced pursuant to Amendment 750. The Fair Sentencing Act of 2010 (FSA), reflected in Amendment 750 to the Sentencing Guidelines, reduced the statutory penalties for crack cocaine offenses. *See* Fair Sentencing Act of 2010 § 2(a), Pub. L. No. 111-220, 124 Stat. 2372, 2372 (to be codified as amended at 21 U.S.C. § 841(b)(1)). As of November 1, 2011, Amendment 750 applied retroactively. *See* U.S. Sentencing Guidelines Manual (U.S.S.G.) app. C, amend. 713, at 253. Nevertheless, in a § 3582(c)(2) proceeding, the district court lacks the authority to reduce a defendant's sentence when the amended guideline "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

In *Freeman v. United States*, — U.S. —, 131 S. Ct. 2685, 2690 (2011), a four-justice plurality ruled that § 3582(c)(2) relief is available to a defendant sentenced pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement if the agreed-upon sentence is expressly based on a guideline range that was subsequently lowered by the Sentencing Commission. Nonetheless, we recently held that *Moore* remains binding precedent in this circuit even after *Freeman*. *United States v. Lawson*, 686 F.3d 1317, 1321 (11th Cir.) (per curiam),

*cert. denied*, 133 S. Ct. 568 (2012). We explained that in *Freeman*, neither the plurality nor Justice Sotomayor's concurring opinion—which argued that sentences imposed pursuant to a Rule 11(c)(1)(C) plea agreement are based on the plea agreement itself and not the applicable guideline range—"addressed defendants who were assigned a base offense level under one guideline section, but who were ultimately assigned a total offense level and guideline range under § 4B1.1." *Id.* Therefore, a defendant who was convicted of a crack-cocaine offense but sentenced as a career offender was still ineligible for a § 3582(c)(2) reduction under Amendment 750. *See id.*

### III.

Here, Haynes was sentenced as a career offender. His ultimate guideline range was based upon the applicable career offender guidelines, not a guideline range that was lowered by the Sentencing Guidelines. Thus, the district court did not err by concluding that it lacked the authority to reduce Haynes's sentence under § 3582(c)(2). The district court's order denying Haynes's renewed §3582(c)(2) motion incorrectly concluded that Haynes's original sentence was based on the crack guidelines and that his offense level and sentence would have been impacted by Amendment 750. Such a conclusion, however, does not affect the ultimate fact at issue: Haynes's status as a career offender. Thus, we affirm because the record is clear that Haynes's sentence was based on his career-offender

6

status, not the crack guidelines, and, as such, he was ineligible for a sentence reduction pursuant to § 3582(c)(2).

**AFFIRMED.**